LIN HE, a.k.a. He Lin, a.k.a. Kiyotomo Fukase, Petitioner,

v.

Michael B. MUKASEY, Attorney General, Respondent.

No. 08–0897–ag.

United States Court of Appeals, Second Circuit.

Sept. 15, 2008.

Gary J. Yerman, New York, NY, for Petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, Shelley R. Goad, Senior Litigation Counsel, Robbin K. Blaya, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for Respondent.

PRESENT: Hon. ROGER J. MINER, Hon. JOSEPH M. McLAUGHLIN and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Lin He, a native and citizen of the People's Republic of China, seeks review of the February 4, 2008 order of the BIA affirming the March 22, 2006 decision of Immigration Judge ("IJ") William Van Wyke, denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Lin He,* No. A79 663 423 (B.I.A. Feb. 4, 2008), *aff'g* No. A79 663 423 (Immig. Ct. N.Y. City Mar. 22, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *See Wangchuck v. DHS,* 448 F.3d 524, 528

(2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude the contrary." 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA*, 482 F.3d 122, 126 (2d Cir.2007).

As a preliminarily matter, we lack jurisdiction to consider He's argument that he is entitled to CAT relief because He failed to raise this challenge to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006). Accordingly, we dismiss his petition for review to that extent.[1]

We find no error in the BIA's conclusion that He failed to establish either past persecution or a well-founded fear of future persecution. *See Diallo v. INS*, 232 F.3d 279, 284 (2d Cir.2000). For instance, his asylum application explicitly stated that his mother underwent an abortion procedure on May 18, 2001—ten days after the alleged warrant issued on May 8, 2001—"because she feared that officials would arrest [He] and imprison [him.]" It was therefore not unreasonable for the agency to conclude that He's alleged fear of persecution was diminished, if not mooted, by the fact of his mother's abortion. Moreover, the BIA properly noted that He never offered any testimony about the alleged warrant, or expressed any fear of persecution based on the warrant. In light of this and other record evidence, the agency's denial of asylum was not improper.

As He was unable to show the objective likelihood of persecution needed to estab-lish eligibility for asylum, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 183 (2d Cir. 2004).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

---

1. Furthermore, because He did not pursue before the BIA or this Court any claims based on (1) his alleged illegal departure from China or (2) his desire to have more children than would be allowed under China's family planning policy, we deem those claims abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).